MURDOCK, Justice
(concurring specially).
The Court of Criminal Appeals concluded that William Darnell Kidd did not preserve for appellate review his contentions (a) that the trial court erred in failing to give an adequate or proper jury instruction defining the phrase “unlawful activity” as that term is used in § 13A-3-23(b), Ala.Code 1975, and (b) that the prosecutor made improper, prejudicial statements to the jury in regard to the same “unlawful activity” issue. Kidd v. State, 105 So.3d 1261 (Ala.Crim.App.2012). This Court now denies certiorari review, but states that in doing so we are not to be understood as agreeing with all the legal analysis in the opinion of the Court of Criminal Appeals. I write separately to express my reason for concurring in the denial of cer-tiorari review as well as my reason for not wanting to be understood as agreeing with all the legal analysis in the Court of Criminal Appeals’ opinion.
*1266 In the last paragraph of Part I and the last sentence of Part II of its opinion, the Court of Criminal Appeals announced certain conclusions as to the merits of Kidd’s argument regarding the meaning of the term “unlawful activity” in § 13A-3-23(b). Those passages appear to address a question of first impression with respect to which the court below offers a conclusion without the benefit of any analysis or authority. It can be argued that the quotation from the commentary to § 13A-3-23(b) set out in the penultimate paragraph of Part I of the Court of Criminal Appeals’ opinion comes closer to describing what the legislature intended by the term “unlawful activity.” That is, it appears that a reasonable argument can be made that the legislature intended there to be a nexus between the “unlawful activity” — here, the mere possession of a gun — and the need to act in self-defense.
Based on the foregoing, I do not wish to be understood as agreeing with the conclusion stated by the Court of Criminal Appeals as to the meaning of the term “unlawful activity” in § 13A-3-23(b) and its application to facts such as those presented in this case. That said, I concur in denying the petition for the writ of certio-rari because I agree with the conclusion of the Court of Criminal Appeals that the two issues described in the first paragraph of this writing were not preserved for appellate review.